IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUADALUPE TORRES,

    Plaintiff,                    No. CIV S-04-0079 LKK GGH P

    vs.

HEMSLEY, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he received inadequate medical care from defendants Correctional Officer Hemsley and Nurse Meyer while housed at the Yolo County Jail as a civil detainee.  Nurse Meyer was originally identified in this action as "Nurse Jackie."

        Pending before the court is defendant Meyer's summary judgment motion filed September 29, 2004.  After carefully considering the record, the court recommends that defendant's motion be granted.

/////

/////

/////

1

II.  <u>Summary Judgment Standards Under 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u>  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>id.</u> at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its

contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On March 17, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

III. Legal Standard for Inadequate Medical Care Claim

A civil detainee's constitutional right to adequate medical care is coextensive with a convicted prisoner's Eighth Amendment right to medical treatment. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

/////

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense—a subjective standard—disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

/////

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

IV. Discussion

*Undisputed Facts*

On September 5, 2003, at approximately 2:30 p.m. plaintiff injured his eye while using the recreation yard at the Yolo County Jail. Plaintiff pushed the emergency button on the yard. Plaintiff spoke to defendant Hemsley through an intercom. Defendant Hemsley told plaintiff that he would call the nurse. Plaintiff then used towels to stop his eye from bleeding. Approximately 15-30 minutes after pushing the emergency button, plaintiff returned to the intercom and asked defendant Hemlsey what was going on. Defendant told plaintiff that the nurse should be coming soon. Plaintiff then resumed playing handball in order to take his mind off the pain.

Some time later, plaintiff returned to the intercom and again asked defendant Hemlsey when the nurse would arrive. Defendant Hemsley told plaintiff that he was going to call the nurse and tell her not to come because it was not an emergency. Plaintiff then returned to his cell.

/////

1         That evening, defendant Meyer delivered blood pressure pills to plaintiff through
2 the slot in his cell door.  Plaintiff did not say anything to her about his eye injury. Defendant did
3 not look in the cell or ask plaintiff about his eye.
4         On September 5, 2003, at approximately 11:30 p.m. plaintiff filed out a Health
5 Services Request Form requesting to be seen in the medical department.  On September 6 or 9,
6 2003, plaintiff went to sick call where he refused eye drops.
7     *Analysis*
8         Plaintiff's claims against defendant Meyers appear to be based on her failure to
9 respond to the cancelled request for medical assistance and her failure to examine plaintiff's eye
10 when she delivered his medication to him.  Although the court has doubts that plaintiff suffered
11 from a serious medical condition, the court need not reach this issue because there is no evidence
12 that defendant acted with the requisite state of mind for an Eighth Amendment claim for
13 inadequate medical care: deliberate indifference.
14         With respect to her failure to respond to the cancelled request for medical
15 assistance, defendant Meyers does not remember any call for medical assistance that was
16 cancelled on September 5, 2003.  See Meyer decl., attached to summary judgment motion.
17 Assuming defendant Meyer was aware of the request, the cancelling of the request would not
18 have put defendant on notice of facts from which an inference could be drawn that a serious risk
19 of harm existed.  To the extent plaintiff may be arguing that the request would not have been
20 withdrawn had defendant responded sooner, plaintiff has submitted no evidence to support such a
21 claim.  For these reasons, the court finds no evidence of deliberate indifference by defendant in
22 failing to respond to the cancelled request.
23         Plaintiff argues that defendant Meyer should have checked on his eye when she
24 gave him his blood pressure pills.  Plaintiff is inferring that defendant must have been aware of
25 his injury based on defendant Hemsley's request for medical assistance.  Plaintiff has presented
26 no evidence demonstrating that defendant knew of the cancelled request.  Moreover, it is

1 undisputed that plaintiff did not mention his injury when defendant delivered his pills. The
2 cancelled request for medical assistance and plaintiff's failure to mention his injury would not
3 have put defendant on notice that plaintiff had a serious medical need. The court also observes
4 that by the time plaintiff filed his Health Services Request Form, defendant Meyer was no longer
5 on duty. Meyer Decl., ¶ 5. Therefore, this form would not have put defendant on notice of
6 plaintiff's injuries when she delivered plaintiff's pills. Because there is no evidence that
7 defendant knew of facts from which the inference could be drawn that a substantial risk of
8 serious harm existed, she did not act with deliberate indifference by failing to inquire about
9 plaintiff's eye injury when she delivered his pills to him.

10 In his verified complaint, plaintiff claims that after defendant Hemsley cancelled
11 the request for medical assistance, he told plaintiff that he would have to wait until the evening
12 medication line to have his eye checked by the nurse. Based on this statement, plaintiff may have
13 expected defendant Meyer to initiate the examination. However, plaintiff's failure to mention his
14 eye injury to defendant when she delivered his blood pressure medication would not have put her
15 on notice that he required medical attention. As discussed above, no other evidence in the record
16 indicates that defendant Meyer was aware of facts indicating that plaintiff had a serious medical
17 condition.

18 In her declaration, defendant also states that on September 6, 2002, she processed
19 plaintiff's sick call slip. She states that she requested the Physician's Assistant to review the slip
20 as well as plaintiff's chart. Plaintiff's medical records indicate that a Physician's Assistant
21 examined him on September 9, 2003. Summary Judgment Motion, Smith decl., attachments.
22 Plaintiff's complaint does not include any allegations regarding defendant's processing of this
23 slip. Rather, his claims are based on his failure to receive treatment for his eye on the day of the
24 injury.

25 For the reasons discussed above, the court finds that defendant Meyer did not act
26 with deliberate indifference.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Meyer's September 29, 2004, summary judgment motion be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
torr79.sj